LAW OFFICES OF GREGORY L. BOSSE
GREGORY L. BOSSE, ESQ., State Bar No. 103641
701 South Parker Street, Suite 6000
Orange, California 92868-4741
(714) 550-9555 Telephone
(714) 316-1344 Fax
greg @ bosse.org

Attorney for Debtor and Defendant
ARMEN NICK KEVORKIAN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>ARMEN NICK KEVORKIAN,<br><br>Debtors.<br><br>JAVIER QUINTERO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARMEN NICK KEVORKIAN, an individual,<br><br>Defendant. | Chapter 7<br>Bankruptcy No. 6:11-bk-14600-CB<br>Adversary Case No. 6:11-ap-01682-CB<br>Converted from Chapter 13<br><br>DEBTOR'S AND DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6), Ref'd. and Applied by FRBP 7012(b)]<br><br>Assigned to:<br>The Honorable Catherine Bauer<br>Date: June 29, 2011<br>Time: 11:00 a.m.<br>Courtroom: 303 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 29, 2011, at 11:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 303 of the above-entitled court located at 3420 Twelfth Street, Suite 369, Riverside, California 92501, debtor and defendant ARMEN NICK KEVORKIAN will and hereby

1

does move the Court for an order dismissing the adversary complaint of plaintiff JAVIER QUINTERO.

*Pursuant to Local Bankruptcy Rule 9013-1 (f), any opposition to this motion must be filed and served on Debtor and Debtor's counsel no later than fourteen (14) days before the above hearing date. Failure to timely file and serve a response to this motion may be deemed by the Court to be consent to the granting of the motion, and the Court may grant the requested relief without further notice to you.*

This motion to dismiss is made pursuant to Federal Rules of Bankruptcy Procedure 4007(e), Federal Rules of Civil Procedure Rule 7(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7007, Federal Rules of Civil Procedure Rule 12(b)(6) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7012, Federal Rules of Civil Procedure Rule 9(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009, the Local Bankruptcy Rules, and upon the grounds that (1) Quintero's complaint alleges that Goodyear Home Loan Corporation owes him the money, not Armen Kevorkian; and (2) the adversary complaint fails to plead circumstances constituting fraud by Debtor on Plaintiff and therefore fails to state a claim upon which relief can be granted.

This motion will be made upon this notice, the accompanying memorandum of points and authorities in support, the pleadings, papers, and records on file with this Court in this matter, and such further argument and other evidence as may be presented by counsel at the time of the hearing.

DATED: June 6, 2011                    **LAW OFFICES OF GREGORY L. BOSSE**

By: _____
GREGORY L. BOSSE
Attorney for the Debtor and Defendant
ARMEN NICK KEVORKIAN

2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT OF QUINTERO AGAINST DEBTOR

## I.  FACTUAL INTRODUCTION

1.  This matter was commenced by the filing of Debtor's voluntary petition under Chapter 13 of the Bankruptcy Code on February 11, 2011. That case was converted to a Chapter 7 bankruptcy case on February 25, 2011.

2.  On May 11, 2011, Javier Quintero filed this adversary proceeding.

3.  Mr. Quintero alleges that $5,734.72 belonging to him is being held by Goodyear Mortgage Corporation in its escrow account.

4.  Contrary to his own allegations, Plaintiff then concludes that Armen Kevorkian is indebted to him (Adversary Complaint, ¶ 22) and that such indebtedness is an instance of fraud, embezzlement, or larceny by Armen Kevorkian (Adversary Complaint, ¶¶ 22 and 23). Then Quintero objects to the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(4).

## II.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEBTOR IN THAT PLAINTIFF FAILS TO ALLEGE THE ALLEGED INDEBTEDNESS IS A FRAUD THAT IS NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(4)

5.  Quintero's Complaint alleges that the debt owed him is owed to him by Goodyear Mortgage Corporation, not by Armen Kevorkian. Armen Kevorkian did sign the letter on behalf of Goodyear Mortgage Corporation agreeing to forward a check to Quintero, but the funds were embezzled. That letter signed by Armen Kevorkian does not constitute fraud for which relief may be given; nor does it give rise to a fiduciary relationship between Armen Kevorkian and Quintero.

6.  The Court in *Tobkin v. Waltrip*, 1993 U.S. App. LEXIS 1440 (9th Cir. 1993) affirmed the bankruptcy court's conclusion that delay by debtor in depositing the client's checks alone without

other evidence of embezzlement is not fraud or embezzlement under 11 U.S.C. 523(a)(4). The Court stated:

> "Embezzlement in the context of nondischargeability requires three elements: (1) property rightfully in the possession of a nonowner;
>
> (2) nonowner's appropriation of the property to a use other than that to which it was entrusted; and (3) circumstances indicating fraud. *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991).

7. Indeed, general allegations and conclusions are insufficient; rather, Plaintiff is required to allege facts leading to such conclusions. 9 *Collier on Bankruptcy* §7009.05.

8. Federal Rules of Civil Procedure Rule 9(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009 requires an allegation of fraud to state with particularity the circumstances constituting the fraud. Such particularity requires the "who, what, when, and where" of alleged fraud.

9. While Federal Rules of Civil Procedure Rule 8(a)(2), referenced and applied by Federal Rules of Bankruptcy Procedure 7008(a), requires only a short and plain statement of the claim showing that the pleader is entitled to relief, a claim of fraud which excepts indebtedness from dischargeability must be stated with particularity pursuant to Federal Rules of Civil Procedure Rule 9(b), referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009.

10. There is good reason for the higher threshold. Requiring that fraud be alleged with particularity protects reputations and gives defendants proper notice. *(Weisburgh vs. St. Jude Med. Inc.,* 158 F.R.D. 638, 642 (D. Minn. 1994) affd 62 F.3d 1442 (8th Cir. 1995).

11. Another reason, and right on target for the instant case, is the *Weisburgh* court's observation that the rule "deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements." *Id.*

12. The court in *Crystal vs. Foy,* 562 F.Supp. 422 (S.D. N.Y. 1983), cited by *Hassett vs. Zimmerman* (In re O.P.M Leasing Services, Inc.) 32 B.R. 199 (Bankr. S.D. N.Y. 1983) established a three-part test for pleading fraud with particularity. The plaintiff must allege: (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn. (*Id.* at 203.)

13. In some instances, a less stringent standard may apply in pleading fraud in a bankruptcy case. (*Id.*) However, even under a more relaxed standard for pleading fraud, the complaint must "set forth the facts with sufficient particularity to apprise the defendants fairly of the charges made against him." (*Id.*; see also, *Commercial Property Ins. Inc. vs. Quality Inns Int'l. Inc.,* 61 F.2d 639, 644 (8th Cir. 1995).)

14. In the instant Adversary Complaint, Plaintiff failed to so state Debtor as the "who" and the "what" of the alleged indebtedness. Therefore, Plaintiff did not state a claim against Debtor for which relief can be granted.

## III. CONCLUSION

In view of the foregoing, Debtor and defendant ARMEN NICK KEVORKIAN respectfully prays that the Adversary Complaint of Plaintiff JAVIER QUINTERO against Debtor be dismissed with prejudice.

RESPECTFULLY SUBMITTED.

DATED: June 6, 2011            LAW OFFICES OF GREGORY L. BOSSE

By: _____
GREGORY L. BOSSE
Attorney for the Debtor and Defendant
ARMEN NICK KEVORKIAN

DEBTOR'S AND DEFENDANT'S MOTION TO DISMISS ADVESARY COMPLAINT

| In re: | | CHAPTER: 7 |
|---|---|---|
| Armen Nick Kevorkian | Debtor(s). | CASE NUMBER: 6:11-ap-14600 |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
701 South Parker Street
Suite 6000
Orange, CA 92868-4741

A true and correct copy of the foregoing document described as **DEBTOR'S AND DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6), Ref'd. and Applied by FRBP 7012(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 7, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Lynda T. Bui (TR) trustee.ltranbui@shbllp.com, C115@ecfcbis.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **June 7, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
The Honorable Catherine A. Bauer,  3420 Twelfth Street, Suite 369 / Courtroom 303, Riverside, CA a 92501-3819
Armen Nick Kevorkian, 3250 Cavaletti Lane, Norco, CA  92860
Gregory A. Paiva, Esq., Gateway Legal Group PC, 4295-A Jurupa St., Suite 114, Ontario, CA  91761

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 7, 2011 | Kelly J. Francke | *[signature: Kelly J. Francke]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

9013-3.1.PROOF.SERVICE